1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

IN RE: ELIZABETH COOLEY SUBPOENA,

Case No. 2:20-mc-0062 RSL

ERMI LLC'S MOTION TO QUASH
AND ALTERNATIVE MOTION FOR
PROTECTIVE ORDER

*Date Noted: July 31, 2020*
*Oral Argument Not Requested*

16   ERMI LLC ("ERMI"), pursuant to Fed. R. Civ. P. 26, 30, and 45, and hereby moves

17   the Court for an Order Quashing the Subpoena for deposition directed to Elizabeth Cooley (the

18   "Subpoena") (Ex. A), or alternatively, to enter a Protective Order prohibiting the disclosure of

19   attorney-client privileged information that would be sought in a deposition. ("ERMI's

20   Motion"). ERMI further submits a Declaration of Dr. Thomas Branch in support of ERMI's

21   Motion (Ex. B), a true and accurate copy of the Non-Disclosure Agreement executed by

22   Elizabeth Cooley (Ex. C), and a redacted version of an unexecuted Affidavit by Elizabeth

23   Cooley (Ex. D). In support thereof, ERMI submits the following:

24
25
26

EMRI LLC'S MOTION TO QUASH AND ALTERNATIVE
MOTION FOR PROTECTIVE ORDER - 1

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:53772275.3

## I.   PROCEDURAL BACKGROUND

ERMI, an entity residing in Georgia, is plaintiff in a Multi-District Litigation currently pending in the Southern District of Florida. *In re: ERMI LLC '289 Patent Infringement, MDL No. 2914, 0:19-md-0914-RKA*.

In April 2019, ERMI initiated suit against infringers of its United States Patent No. 7,547,289 in United States District Courts around the country. ERMI later added claims for Lanham Act violations, Copyright Act violations, unfair competition, and violations of Georgia statutes and common law. In this same time frame, two of the defendants in the patent infringement action in Florida, an individual named Eduardo Marti ("Marti") and an entity named Team Post Op, Inc. ("Team Post Op"), filed an action against ERMI in Georgia state court for violation of a Florida statute. *Team Post Op, Inc. v. Thomas P. Branch, MD and ERMI, LLC*, No. 2019-cv-25917 (Ga. Super. 2019) and *Team Post Op, Inc. v. Thomas P. Branch, MD; ERMI, LLC; and Tryco, Inc.*, No. 2019-cv-325917 (Ga. Super. 2019) (hereinafter the "Georgia State Action"). This action alleges that ERMI violated Florida Deceptive and Unfair Trade Practices Act by failing to renew a license for some medical equipment in the state of Florida.

Later in 2019, over the objection of all the MDL Defendants, the Judicial Panel on Multi-District Litigation ("JPML") Granted ERMI's motion and ordered all of ERMI's patent infringement cases transferred to and consolidated in the Southern District of Florida.

After the JPML ordered ERMI's patent infringement cases transferred and consolidated, Defendants Marti and Team Post Op received a stay of their Georgia State Action and filed an affirmative claim as part of a Declaratory Judgment Complaint in the MDL case, which essentially alleged the same causes of action in the Georgia State Action. ERMI is seeking to have the Marti/Team Post Op affirmative claim dismissed from the MDL and/or remanded back to Georgia state court. ERMI's motion to dismiss is fully briefed but has not yet been

EMRI LLC'S MOTION TO QUASH AND ALTERNATIVE
MOTION FOR PROTECTIVE ORDER - 2

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53772275.3

1   decided by the MDL court. Discovery is proceeding in the MDL court notwithstanding the

2   motions to dismiss filed by the various parties.

3   **II.    FACTUAL BACKGROUND**

4       On Friday, July 10, counsel for Elizabeth Cooley ("Cooley"), contacted ERMI's

5   counsel and attached an unexecuted draft affidavit Cooley was prepared to execute (the

6   "Affidavit") in support of Defendant Marti and Team Post Op's affirmative claims

7   ("Defendants").[1] Because Cooley, an attorney, was formerly employed by ERMI during the

8   relevant time period, Cooley's counsel requested ERMI to review the Affidavit to evaluate

9   whether any relevant privileges need to be asserted with respect to the Affidavit. Upon review,

10   and as discussed below, ERMI determined that the majority of the Affidavit contains

11   confidential/proprietary information and information subject to the attorney-client privilege

12   and/or the attorney work product doctrine. Defendant Marti and Team Post Op are attempting

13   to elicit similar privileged information by taking Cooley's deposition. Further, Cooley executed

14   a Non-Disclosure Agreement ("NDA") because she possessed certain confidential information,

15   including trade secrets, financial data, intellectual property, and other confidential information.

16   (Ex. B ¶¶11–12).

17       On Sunday, July 12, 2020, Counsel for Defendants Marti and Team Post Op, served the

18   Subpoena on Cooley and ERMI (Ex. A). The Subpoenas demand the Affidavit as well as an

19   email sent to Christina Trimmer, Counsel for Plaintiff, on April 6, 2020 by Ms. Cooley. The

20   Subpoenas purport to demand compliance by 5:00 pm on the day following service, Monday,

21

22

---

23   [1] To provide clarity, Defendants Marti and Team Post Op also served a subpoena *duces tecum*

     on Elizabeth Cooley requesting production of an affidavit that also includes privileged and

24   confidential information. ERMI has filed a Motion to Quash in the North District of Georgia

     with respect to this affidavit. Defendants Marti and Team Post Op will attempt to elicit the

25   same information via deposition that is contained in the Affidavit. ERMI references the

     Affidavit throughout this brief and has submitted a copy to the Court to provide context as to

26   what privileged information Defendants Marti and Team Post Op seek.

EMRI LLC'S MOTION TO QUASH AND ALTERNATIVE
MOTION FOR PROTECTIVE ORDER - 3

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:53772275.3

1    July 13, 2020.[2] Further, the Subpoenas request a deposition of Cooley, unilaterally set to take

2    place on August 18, 2020.[3]

3          The Subpoena should be quashed because it attempts to force the disclosure of

4    information subject to the attorney-client privilege, the work-product doctrine, and/or by a

5    Non-Disclosure Agreement signed by Cooley.

6          ERMI hired Cooley as a Chief Compliance Officer (Ex. B ¶¶ 6–10). ERMI hired

7    Cooley due to her legal qualifications and experience as a lawyer. (*Id.* at ¶¶ 7–8). Her duties as

8    Chief Compliance Officer were to oversee and provide legal advice and opinions involving

9    compliance with the rules and regulations of subject regulatory agencies. (*Id.* at ¶ 10). She

10   routinely conducted legal research regarding the rules and regulations of regulatory agencies,

11   licensing issues with regard to such agencies, and other corporate legal issues. (*Id.*). Cooley

12   provided legal advice to ERMI and its executive management regarding licensing and

13   compliance. (*Id.* at ¶¶ 9–10, 17). Cooley routinely reported to ERMI's executive management

14   regarding her legal opinions and legal advice. (*Id.*). Cooley's advice was sought and received

15   by ERMI to avoid litigation of the type later brought by Defendants Marti and Team Post Op.

16   (*Id.*)

17         ERMI also sought and received Cooley's advice on projects related to commercial real

18   estate transactions. (*Id.* at ¶ 15). Further still, Cooley was involved with the decisions to bring

19   the patent infringement litigations, strategies related thereto, and she frequently interacted with

20   ERMI's outside patent attorneys. (*Id.*)

21         Not only was Cooley hired to explicitly provide legal advice to ERMI on a host of legal

22   topics ranging from licensing, to corporate formation and conversion, to real estate, to

---

[2] Notably, Notices of the Deposition Subpoenas were not served on Counsel for ERMI until the afternoon of Wednesday July 15, 2020.

[3] The place of compliance as to the Subpoena *Duces Tecum* is Atlanta, GA. A motion to quash that subpoena is being filed separately in the United States District for the Northern District of Georgia. With respect to this Motion, the place of compliance for the deposition Subpoena of Ms. Cooley is her residence in the state of Washington.

EMRI LLC'S MOTION TO QUASH AND ALTERNATIVE
MOTION FOR PROTECTIVE ORDER - 4

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:53772275.3

litigation, she also entered into a Non-Disclosure Agreement with ERMI because she would be privy to ERMI's confidential information, privileged communications, attorney work-product, patient data, and research and development endeavors. (*Id.* at ¶¶ 11–12).  Compliance with healthcare regulations and licensure requirements is an important aspect of ERMI's business that requires sound legal advice. (*Id.* at ¶13). This is exactly what ERMI hired Cooley to do. Cooley performed the same type of corporate counsel duties performed by in-house corporate attorney everyday all across the country. According to such performance and advice given and sought, at all times throughout Cooley's employment, ERMI, as well as all of ERMI's executive management, believed that Cooley was acting and operating as an attorney for ERMI. (*Id.* at ¶ 14).

Indeed, ERMI's understanding in that regard is supported by demonstrable evidence. In preparation for this Motion, ERMI's CEO, Dr. Thomas Branch, MD personally reviewed email communications and other documents which confirm Cooley's role as an attorney for ERMI. (*Id.* at ¶ 17). These emails reveal that ERMI sought and received legal advice from Cooley and considered Cooley to be ERMI's attorney. (*Id.*) ERMI will make all of these documents available for *in camera* inspection upon the Court's.

Forcing the deposition of Cooley will necessarily disclose attorney-client privileged information. In fact, the Cooley Affidavit almost entirely contains information concerning opinions formed and legal advice she provided to ERMI in furtherance of her duties as Chief Compliance Officer. The Deposition would relay legal mental impressions formed during her employment with ERMI, as well as other work product related to various litigation matters. Further, Marti and Team Post Op have made no attempt to show that they have sought the information from sources other than ERMI's attorneys.  The Subpoenas must be quashed or, alternatively, a Protective Order should be issued precluding the release of any privileged or work-product protected information.

EMRI LLC'S MOTION TO QUASH AND ALTERNATIVE
MOTION FOR PROTECTIVE ORDER - 5

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53772275.3

1

### III.    ARGUMENT

2    A motion to quash under Rule 45 is the proper vehicle for a party to challenge a

3    subpoena served on a nonparty and assert its privilege. *TMP Worldwide Advert. & Commc'ns,*

4    *LLC v. LATCareers, LLC*, C08-5019 RBL, 2008 WL 5348180, at *1 (W.D. Wash. Dec. 16,

5    2008); *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D 238, 241 (S.D. N.Y. 2004) (party to

6    lawsuit has standing to file a motion to quash the subpoena served on a nonparty, if the party

7    asserts a personal right or privilege with respect to the subject matter of the subpoena). Courts

8    recognize the ability of a movant to quash a subpoena if the movant "claims a personal right or

9    privilege with respect to the discovery sought in the subpoena." *Emara v. Multicare Health*

10    *Sys.*, 3:11-CV-6055-RBL, 2012 WL 5205950, at *2 (W.D. Wash. Oct. 22, 2012). Additionally,

11    the Court has broad discretion to issue a protective order on showing of good cause. *See* Fed. R.

12    Civ. P. 26(c); *Seattle Times Co. v. Rinehart*, 467 U.S. 20, 34–36 (1984).

13    A.    The Deposition Infringes on Attorney-Client and Work Product Privileges

14    A party alleging the existence of an attorney-client relationship must establish that

15    "advice or assistance of the attorney is both sought and received in matters pertinent to the

16    profession." *Newberry v. Cotton States Mut. Ins. Co.*, 242 Ga. App. 784, 785 (2000). The

17    assertion of an attorney-client relationship must be grounded in a reasonable belief on the part

18    of the alleged client that the attorney is representing the client. *Guillebeau v. Jenkins*, 182 Ga.

19    App. 225, 230–31, 355 S.E.2d 453, 458 (1987). A reasonable belief is one which is reasonably

20    induced by representations or conduct on the part of the attorney." *Calhoun v. Tapley*, 196 Ga.

21    App. 318, 319, 395 S.E.2d 848, 849 (1990) (internal quotation marks omitted). Thus, "[t]he

22    relationship of attorney-client may be expressly created by written contract, or may be inferred

23    from the conduct of the parties." *Huddleston v. State*, 259 Ga. 45, 46, 376 S.E.2d 683, 684

24    (1989). This attorney-client privilege extends to former employees of a corporation as well as

25    current ones, as long as the information is relevant and needed for the attorney to advise their

26

EMRI LLC'S MOTION TO QUASH AND ALTERNATIVE
MOTION FOR PROTECTIVE ORDER - 6

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:53772275.3

1    client. *Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Ariz.*, 881 F.2d 1486, 1493 (9th Cir.

2    1989).

3         Here, an attorney-client relationship existed between ERMI and Cooley. Specifically,

4    ERMI hired Cooley as a Chief Compliance Officer. (Ex. B. ¶¶ 6–10). Her duties included

5    providing legal advice with respect rules and regulations of regulatory agencies, licensing

6    issues involved with such agencies, and other corporate legal issues. (*Id.* at ¶ 10). Moreover,

7    Cooley was repeatedly called on to provide ERMI with legal opinions and advice as to

8    numerous matters including legal matters relating to: (a) regulatory compliance; (b) corporate

9    formation and conversion; (c) commercial real-estate transactions; (d) litigation strategy; (e)

10   intellectual property due diligence; and other such matters. (*Id.* at ¶ 15). ERMI, at all times,

11   believed that Cooley was their attorney, providing routine legal advice on the above-referenced

12   issues. (*Id.* at ¶ 14). It is this reasonable belief on behalf of ERMI during the existence of the

13   attorney-client relationship, and not the after-the-fact, contrary protestations of the attorney,

14   which govern this Court's determination in this matter.

15        In addition to this information being protected by the attorney-client privilege, the

16   information contained in the Affidavit entails attorney work-product. Consequently, if Cooley

17   is deposed on the information contained in the Affidavit, attorney work-product will be

18   revealed. Under this doctrine, documents and other tangible things prepared by or for a party

19   "in anticipation of litigation or for trial" are shielded from disclosure. Material is "prepared in

20   anticipation of litigation . . . if reasonable grounds exist to believe that litigation is probable."

21   *McKesson HBOC, Inc. v. Adler*, 254 Ga. App. 500, 502(1), 562 S.E.2d 809 (2002). Ultimately,

22   the work product doctrine "protects the adversarial system by allowing attorneys to prepare

23   cases without concern that their work will be used against their clients." *Dep't of Transp. v.*

24   *Hardaway Co.*, 216 Ga. App. 262, 263(2), 454 S.E.2d 167 (1995), *overruled on other grounds,*

25   *Johnson & Johnson v. Kaufman*, 226 Ga. App. 77, 485 S.E.2d 525 (1997). Here, Cooley's

26

EMRI LLC'S MOTION TO QUASH AND ALTERNATIVE
MOTION FOR PROTECTIVE ORDER - 7

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:53772275.3

1  deposition testimony will reveal mental impressions of Cooley based on the risk of litigation

2  with respect to regulatory and licensing issues.

3          ERMI is prepared to submit relevant documents, correspondence, and other information

4  to this Court, *in camera*, which will demonstrate that Cooley was in fact providing legal advice

5  in accordance with her duties and that the information sought to be revealed in the Affidavit is

6  privileged and must be protected.

7          **B.      The Deposition Should be Quashed**

8          As a general principle, deposing an opposing party's attorney is disfavored. *See, e.g.*,

9  *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Deposing an opposing

10 party's counsel is appropriate only when the information sought is nonprivileged. *Shelton*, 805

11 F.2d at 1327.  Counsel is not immune from being deposed, but the circumstances should be

12 limited to where a party seeking to take the deposition has shown that (1) no other means exists

13 to obtain the information than to depose opposing counsel; (2) the information sought is

14 relevant and nonprivileged, and (3) the information is crucial to the preparation of the case.

15 *Shelton*, 805 F.2d at 1327. This is a difficult burden given that it was intended to guard against

16 the 'harassing practice of deposing opposing counsel . . . that does nothing for the

17 administration of justice but rather prolongs and increases the costs of litigation, demeans the

18 profession, and constitutes and abuse of the discovery process." *Id.* at 1330.

19          ***First***, it has not been established that such information cannot be discovered through

20 means other than by deposing Cooley. Rather than proceeding through the appropriate course

21 of discovery, Defendants are attempting to discover an attorney's legal opinions and mental

22 impressions surrounding relevant license issues before trying other methods. ***Second***, it has not

23 and cannot be established that the information is nonprivileged. The primary function of

24 Cooley's position was to provide legal advice. As such, any information sought from Cooley

25 related to these issues are protected via attorney-client privilege and the work product doctrine.

26

EMRI LLC'S MOTION TO QUASH AND ALTERNATIVE
MOTION FOR PROTECTIVE ORDER - 8

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53772275.3

**Third,** it has not been established that the information is crucial for the preparation of the case. It is precisely this information that is being sought by Defendants.

Of particular significance, it is the certainty that privileged information will be disclosed if Cooley is deposed. As outlined above, Cooley was the Chief Compliance Officer at ERMI. Cooley's job necessarily involved being privy to confidential and attorney-client, privileged information. In addition, her job duties entailed researching, developing, and preparing legal opinions that are subject to the work product doctrine.

Therefore, the deposition should be quashed, and a Protective Order should be entered that prohibits Defendants from taking the deposition of ERMI's former counsel. Alternatively, to prevent annoyance, embarrassment, oppression, undue burden and/or expense, Defendants should be required to disclose the nature and purpose of Cooley's deposition, and be instructed, if the deposition is to be taken at all, to refrain from asking questions that involve confidential and/or privileged information, such as licensing and regulatory issues.[4]

## IV.    CONCLUSION

For the foregoing reasons, the Court should quash the Subpoena directed to Elizabeth Cooley to prohibit disclosure of attorney-client privileged and work product information. In the alternative, the Court should enter a Protective Order prohibiting disclosure of attorney-client privileged information sought in the Subpoenas. Further, if the Court needs to evaluate and assess relevant privileged information and the establishment of the attorney-client relationship or work product privilege, ERMI requests this Court undergo an *in-camera* inspection of relevant materials and information ERMI is prepared to submit.

---

[4] Counsel for ERMI and Counsel for Cooley conferred over the need to redact privileged information in the Affidavit. ERMI provided proposed redactions to Counsel for Cooley. Likewise, Counsel for ERMI and Counsel for Marti and Team Post Op conferred over the need to redact privileged content. No agreement could be reached that did not involve intervention of the court.

EMRI LLC'S MOTION TO QUASH AND ALTERNATIVE
MOTION FOR PROTECTIVE ORDER - 9

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53772275.3

1    DATED this 17th day of July, 2020.

2                  FOSTER GARVEY PC

Benjamin Hodges, WSBA # 49301
ben.hodges@foster.com
FOSTER GARVEY PC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101
Telephone: (206) 447-4400
Facsimile: (206) 447-9700

/s/*Patrick B. Horne*
Patrick B. Horne (*Pro Hac Forthcoming*)
phorne@shumaker.com
Samuel Alexander Long, Jr. (*Pro Hac Forthcoming*)
along@shumaker.com
Lucas D. Garber (*Pro Hac Forthcoming*)
lgarber@shumaker.com
SHUMAKER, LOOP & KENDRICK, LLP
101 South Tryon Street, Suite 2200
Charlotte, North Carolina 28280
Telephone: (704) 375-0057

*Attorneys for Plaintiff ERMI LLC*

EMRI LLC'S MOTION TO QUASH AND ALTERNATIVE
MOTION FOR PROTECTIVE ORDER - 10

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:53772275.3

1

2

## CERTIFICATE OF SERVICE

3

I hereby certify that on July 17, 2020, I electronically filed the foregoing with the Clerk

4

of Court using the CM/ECF system. I also forwarded the foregoing document to defendants by

5

email to the following attorneys of record:

6

L. Martin Reeder, Jr.
Scott W. Atherton

7

Alaina B. Karsten
ATHERTON GALARDI MULLEN & REEDER PA

8

Telephone: (561) 293-2530
Email: martin@athertonlg.com

9

scott@athertonlg.com
akarsten@athertonlg.com

10

11

Jura Christine Zibas
Marty B. Ready

12

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Telephone: (212) 490-3000

13

Email: jura.zibas@wilsonelser.com
marty.ready@wilsonelser.com

14

R. Randy Edwards

15

COCHRAN & EDWARDS, LLC
Telephone: (770) 435-2131

16

Email: randy@cochranedwardslaw.com

17

Jonathan Vine
Christian Claude Dorismond

18

COLE, SCOTT & KISSANE, P.A.
Telephone: (561) 383-9203

19

Email: jonathan.vine@csklegal.com
christian.dorismond@csklegal.com

20

21

This the 17th day of July, 2020.                    /s/ McKenna Filler

22

McKenna Filler
Legal Practice Assistant

23

24

25

26

EMRI LLC'S MOTION TO QUASH AND ALTERNATIVE
MOTION FOR PROTECTIVE ORDER - 11

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:53772275.3

# EXHIBIT A

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| In re ERMI '289 Patent Litigation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    0:19-md-02914-RKA |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                              Elizabeth Cooley
                        c/o her attorney Craig Gillen
_____
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Via Zoom Deposition | Date and Time: |
|---|---|
| | 08/18/2020 2:00 pm |

    The deposition will be recorded by this method:    stenographic and video

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        07/12/2020

        *CLERK OF COURT*
                                                OR
_____          /s Richard R. Edwards
*Signature of Clerk or Deputy Clerk*          _____
                                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Ed Marti and
Team Post Op
_____, who issues or requests this subpoena, are:
Randy Edwards, Cochran & Edwards, LLC, 2950 Atlanta Road, Smyrna GA, 30080, randy@cochranedwardslaw.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  0:19-md-02914-RKA

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
   **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
   **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: ELIZABETH COOLEY | ) | |
| SUBPOENA | ) | |
| | ) | **CASE NO:** |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## DECLARATION OF DR. THOMAS P. BRANCH

I, Thomas P. Branch, MD, declare as follows:

1.      I am the owner and the Chief Executive Officer of ERMI LLC ("ERMI").

2.      I am over the age of 18 years, and make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

3.      I am intricately involved in high-level hiring decisions with regard to any potential ERMI employee and ultimately have decision-making authority with respect to such hires.

4.      Further, I am familiar with all employment positions and employee duties involved in such positions.

5.      In or around November, 2018, Elizabeth Cooley ("Cooley") applied for a position as Chief Compliance Officer.

6.      Cooley, when applying, indicated that she had significant legal experience in the area of regulatory compliance.

7.     The fact that Cooley had a law degree and significant legal experience were critical factors in ultimately hiring her as a Chief Compliance Officer. ERMI considered this experience highly important for the position of Chief Compliance Officer.

8.     Unequivocally, Cooley was hired so that she could provide legal expertise and legal advice to ERMI.

9.     Cooley reported directly to Thomas Branch, MD, ERMI Chief Executive Officer, and worked intimately with another attorney employed by ERMI named Alissa Anderson ("Anderson"). Anderson's title at ERMI was Compliance Coordinator. Anderson was eventually promoted to Director of Compliance.

10.     As part of her employment as Chief Compliance Officer, Cooley oversaw legal issues involving compliance with the rules and regulations of subject regulatory agencies. This involved significant legal research and decision-making related to the rules and regulations of regulatory agencies, licensing issues involved with such agencies, and other corporate legal issues that she advised on. Based on her legal research and acumen, she specifically advised upper management of ERMI as to the changing of regulations and licensure requirements.

11.     Additionally, as Chief Compliance Officer, Cooley was also required to execute a Non-Disclosure Agreement ("NDA") given that she would be privy to confidential information, including trade secrets, financial data, and other confidential information including attorney-client privileged information and attorney work-product. This NDA continues to be in force and prevents Cooley from disclosing ERMI's proprietary information.

12.     Pursuant to this NDA, among other provisions, Cooley agreed that she would "hold all [ERMI] Proprietary Information in trust and confidence and will not at any time, directly or indirectly, furnish or divulge any of the Proprietary Information to a Third Party."

13.     Compliance with healthcare regulations and licensure requirements is a critical aspect of ERMI's business that requires sound legal advice. Ultimately, Cooley consistently and routinely gave legal advice to ERMI throughout the entirety of her employment.

14.     At all times throughout Cooley's employment, ERMI, as well as all of ERMI's management, believed that Cooley was acting and operating as an attorney for ERMI.

15.     Cooley was repeatedly called on to provide ERMI with legal opinions and advice as to numerous matters including legal matters relating to: (a) regulatory compliance; (b) corporate formation and conversion; (c) commercial real-estate transactions; (d) litigation strategy; (e) intellectual property due diligence; and other such matters. For example, Cooley was involved with the decisions to bring the patent infringement litigations, strategies related thereto, and she frequently interacted with ERMI's outside patent attorneys and other outside legal counsel.

16.     Further, I have reviewed the Affidavit of Cooley related to a subpoena served on July 12, 2020. The Affidavit of Cooley almost entirely contains information concerning legal advice she provided to ERMI in furtherance of her duties as Chief Compliance Officer. Cooley's Affidavit discloses not only confidential corporate information, but also, attorney-client privileged information and attorney work product related to her advice, opinions, mental impressions, and document reviews.

17.     In preparation of this declaration, in addition to my own recollection, I reviewed numerous documents including email communications which reveal that ERMI's executive level managers believed Cooley to be ERMI's attorney and also that Cooley referred to herself as an attorney and provided ERMI with legal advice.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: July __16__, 2020.

_____

Thomas P. Branch, MD

# EXHIBIT  C

# NON-DISCLOSURE AGREEMENT

This agreement made and entered into this 16th day of November 2018, by and between ERMI, Inc. a Georgia Corporation (hereinafter referred to as "ERMI"), and *Elizabeth Cooley* hereinafter referred to as "Recipient"). ERMI may disclose to the undersigned party ("Recipient") certain concepts relating to Trade Secrets or Confidential Information of ERMI. For and in consideration of these disclosures, Recipient agrees to the following terms.

## 1. Definitions

(a) **Authorized Person** means Recipient's employees, officers, legal counsel, members of Recipient's board of directors or supervisory board, each of whom Recipient requires to comply with the obligations of Recipient under this Non-Disclosure Agreement.

(b) **Confidential Information** means information, other than Trade Secrets, that is of value to ERMI and is treated as confidential.

(c) **Proprietary Information** means Trade Secrets, Financial Data and Confidential Information of ERMI.

(d) **Trade Secrets** means information constituting a trade secret within the meaning of Section 10-1-761(4) of the Georgia Trade Secrets Act of 1990, as amended.

## 2. Proprietary Information

(a) Recipient agrees to hold all Proprietary Information in trust and confidence and will not at any time, directly or indirectly, furnish or divulge any of the Proprietary Information to a Third Party. Recipient shall exercise reasonable care to prevent disclosure of the Proprietary Information to a Third Party. Recipient may only disclose the Proprietary Information to an Authorized Person with a need to know such information in connection with the Business Purpose. Recipient shall not exploit or attempt to exploit in any way or manner whatsoever the Proprietary Information for its own private benefit or for the benefit of any person, firm or entity other than ERMI. Recipient shall notify ERMI immediately upon discovery of any unauthorized use or disclosure of the Proprietary Information.

(b) Recipient will not make copies of any documents. All original documents shall be returned to ERMI.

(c) If the Proprietary Information comprises technology, then Recipient shall not copy, reverse engineer, or decompile such technology.

(d) At the conclusion of the discussions between the parties regarding the Business Purpose, or upon demand by ERMI, Recipient shall return to ERMI all Proprietary Information in Recipient's possession or control.

(e) Recipient acknowledges and agrees that its obligations under this Non-Disclosure Agreement with regard to the Trade Secrets shall remain in effect for as long as such information remains a trade secret under applicable law.

(f) Recipient understands that after the disclosure takes place, ERMI will be presenting Recipient with a document entitled "Summary of the Invention", which will include some but not necessarily all of the concepts disclosed by ERMI to Recipient. Recipient understands that Recipient will be obligated to acknowledge by its signature that such concepts were in fact disclosed to Recipient by ERMI.

## 3. Ownership.

Recipient acknowledges and agrees that the Proprietary Information is the sole and exclusive property of ERMI and that ERMI owns all world wide copyrights, trade secret rights, confidential and proprietary information rights, and all other proprietary rights therein. Recipient acknowledges and agrees that the disclosure of the Proprietary Information to Recipient does not confer upon Recipient any license, interest or rights of any kind in or to the Proprietary Information.

## 4. Warranty Disclaimer.

THE TRADE SECRETS AND CONFIDENTIAL INFORMATION ARE PROVIDED AS IS WITHOUT ANY WARRANTIES, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY, NON-INFRINGEMENT, OR FITNESS FOR A PARTICULAR PURPOSE.

## 5. Remedies.

Recipient acknowledges and agrees that the remedies at law for breach of any covenant in this Non-Disclosure Agreement may be inadequate and that ERMI shall be entitled to injunctive relief for any breach of this Non-Disclosure Agreement by Recipient. Nothing herein shall be construed as limiting ERMI's right to any other remedies at law, including the recovery of damages for breach of this Non-Disclosure Agreement.

## 6. Governing Law.

This Non-Disclosure Agreement shall be governed by and construed and interpreted in accordance with the laws of the State of Georgia, without giving effect to its conflict of law rules.

## 7. Counterparts; Signatures.

This Non-Disclosure Agreement may be executed in several counterparts and all counterparts so executed shall constitute the agreement of the parties notwithstanding that they are not signatory to the original or to the same counterpart. A counterpart may be delivered via telecopy and the telecopy received will be deemed to be an original.

## 8. Entire Agreement.

This Non-Disclosure Agreement expresses the sole and entire agreement between the parties with respect to the exchange of Proprietary Information between the parties in connection with the Business Purpose and supersedes all prior discussions, representations, agreements and understandings regarding the disclosure of Proprietary Information in connection with the Business Purpose. This Non-Disclosure Agreement shall inure to the benefit of each party and any of their respective successors.

The parties have caused this Non-Disclosure Agreement to be executed by their authorized representatives.

**Effective Date:** 11/16/2018

|                        **COVERED ENTITY**              | **RECIPIENT**  |
| --- | --- |
| ERMI, Inc. | |
| Signed: _____ | Signed: _____ |
| Name: _____ | Name: _____ |
| Title: _____ | Title: _____ |

# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE: ERMI LLC                                    Civil Action No. 0:19-MD-02914-RKA
('289) PATENT LITIGATION                           ALL CASES

                                                   **AFFIDAVIT OF ELIZABETH
                                                   COOLEY**

STATE OF GEORGIA            )
                            )  ss:
COUNTY OF FORSYTH           )

I, Elizabeth Cooley, being duly sworn, depose and state as follows:

1.      I am over the age of 18 years and have personal knowledge of the facts stated herein.

2.      I am a graduate of an accredited law school. I was employed by ERMI LLC ("ERMI") as its Chief Compliance Officer in 2019.  As Chief Compliance Officer, my duties included ensuring that, management and employees were in compliance with the rules and regulations of regulatory agencies, that company policies and procedures were being followed, and that behavior in the organization meets the company's Standards of Conduct.

3.      I have reviewed PLAINTIFF ERMI LLC'S OMNIBUS AMENDED COMPLAINT as well as the COMPLAINT FOR DECLARATORY JUDGMENT AND AFFIRMATIVE CLAIMS AGAINST EMRI LLC, END RANGE OF MOTION IMPROVEMENT, INC. AND THOMAS BRANCH in the above referenced matter.

4.      Among other things, my duties at ERMI included managing  ERMI's licensure █



5.





6.



7. 



8. 



9. 

10. 



11.

12.

13.



14.

15.

16.



17.    I have fully reviewed this Affidavit, was provided with a full opportunity to make corrections, edits, or additions to this Affidavit, and I have personally ensured that it accurately summarizes my recollection of the facts described herein, I am signing this Affidavit freely and voluntarily ██████████████████████████████████████████████████████
████████████████████████████████████

FURTHER AFFIANT SAYETH NAUGHT

_____

Elizabeth Cooley

Dated: July _____, 2020

BEFORE ME, this _____ day of July 2020, personally appeared Elizabeth Cooley. Anderson, who after first showing proper identification or being personally known to me, deposes and says that he executed the foregoing Affidavit to the best of his knowledge, and he did take an oath as to the truth of the statements in the Affidavit.

**SWORN TO AND SUBSCRIBED** before me this _____ day of July, 2020.

My commission expires:          _____

Notary Public